## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: VALERIE DENISE NICKELSON, | ) | CASE NO. 15-01271-NPO |
|     DEBTOR | ) | CHAPTER 13 |
| | ) | |
| VALERIE DENISE NICKELSON | ) | PLAINTIFF |
| | ) | |
| VS. | ) | ADV. PROC. NO. _____ |
| | ) | |
| FRANKLIN CHECK SERVICE, LLC and | ) | |
| JOHN LAIRD | ) | DEFENDANTS |

### COMPLAINT

COMES NOW, Plaintiff, Valerie Denise Nickelson, by and through undersigned counsel, and files this her Complaint against Franklin Check Service, LLC and John Laird, (collectively "Defendants"), respectfully showing unto the Court as follows:

### Jurisdiction and Venue

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§ 1334, 151, 157(a), and 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final judgment and order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1409 of Title 28 of the United States Code.

### Parties

6. Valerie Denise Nickelson is a Debtor under Chapter 13 of Title 11 of the United States Code in case number 15-01271-NPO and is an adult resident of Roxie, Franklin County, Mississippi. Valerie Denise Nickelson is hereinafter referred to as the Plaintiff or the Debtor.

1

7. The Defendant, Franklin Check Service, LLC has its principal place of business located at 55 Second St W, Meadville, Mississippi 39653. There are two entities registered with the Mississippi Secretary of State with names similar to Franklin Check Service, LLC and listing the same officers. The registered agent for Franklin Check Service, LLC is Jeremy P Diamond, 220 Main Street, Natchez, Mississippi 39120. The registered agent for Franklin Check Service 2, LLC is Timothy Blalock, 220 Main Street, Natchez, Mississippi 39120.

8. The Defendant, John Laird, is an adult resident citizen of Meadville, Franklin County, Mississippi. Defendant's known addresses are 25 McNair Road, Meadville, Mississippi 39653 and P.O. Box 707, Meadville, Mississippi 39653.

## Factual Allegations

9. On or about December 18, 2014, Plaintiff requested a title loan against the title to her mobile home from Franklin Check Services. Plaintiff signed documents that she understood to include a promissory note and security agreement creating a lien against her mobile home ("Mobile Home"). Plaintiff was not provided with a copy of the documents that she signed, but was provided with a document (Exhibit "1") listing the amount she borrowed, interest due and payoff amount of her loan. Plaintiff received and cashed a check for two thousand five hundred Dollars ($2,500.00).

10. On or about February 2, 2015, Plaintiff made a payment of two hundred dollars ($200.00) and received a receipt (Exhibit "2") from Franklin Check Service.

11. Plaintiff filed a petition for relief under the Bankruptcy Code on April 17, 2015.

12. Defendant Franklin Check Service was listed on the Schedules and received notice from the Bankruptcy Court. Defendant John Laird has entered an appearance and is claiming to be the correct party-in-interest in place of Franklin Check Service.

13. The Plaintiff listed Franklin Check Service as a secured creditor holding a lien on her mobile home in her bankruptcy schedules and Plan.

14. Despite having knowledge of Debtor's bankruptcy case, John Laird, individually and on behalf of Franklin Check Service, LLC, continued to make oral and written (attached as Exhibit "3") contact with Plaintiff in an attempt to collect a debt.

15. Undersigned Counsel, Thomas Rollins, spoke to John Laird on or about April, 23, 2015 and advised him the automatic stay prohibits him from making any communication with the debtor.

16. On April, 20, 2015, the Debtor filed a Motion to Extend requesting the Court to extend the automatic stay as to all of the Debtor's creditors.

17. On May 1, 2015, John Laird filed a Response requesting that the Court deny the Motion to Extend.

18. On May 11, 2015, a hearing was held on the Motion to Extend in which John Laird testified that he purchased the Mobile Home from the debtor for $2,500.00 on December 18, 2014.  As evidence, Mr. Laird presented a Bill of Sale (Attached as Exhibit "4") allegedly between the Debtor and Mr. Laird.

## FIRST CLAIM FOR RELIEF
### Violation of the Automatic Stay
### [11 U.S.C. § 362]

19. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

20. The actions of Defendants, in making oral and written contact with Plaintiff in an attempt to collect a debt, after receiving notice of the bankruptcy filing, are in violation of the Automatic Stay, 11 U.S.C. §362, and constitute contempt of bankruptcy court orders.

21. The actions of Defendants, in making oral and written contact with Plaintiff, were willful and intentional, after receiving multiple notices of the filing of this bankruptcy case.

## SECOND CLAIM FOR RELIEF
### Avoidance and Recovery of Constructive Fraudulent Transfer
### [11 U.S.C. §§ 522(g), 522(h), 548(a), 550]

22. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

23. The alleged transfer described in paragraph 18 is of the Debtor's property.

24. The Debtor can and has claimed an exemption in said Mobile Home under 11 U.S.C. § 522(b)

25. The Debtor did not voluntarily transfer the Mobile Home to defendant. Defendants used fraud, misrepresentation, and/or forgery to cause the alleged transfer.

26. The Debtor has not concealed the property from the Court, as it is listed on Schedule B (15-01271-NPO Dk #4) of her bankruptcy schedules.

27. The alleged transfer described in paragraph 18 is avoidable by the trustee under 11 U.S.C. 548 and the trustee has not attempted to avoid the transfer.

28. The alleged transfer of the Mobile Home described in paragraph 18 occurred on or about December 18, 2015, within two (2) years before the Petition Date.

29. Plaintiff alleges that her Mobile Home is worth significantly more than $2,500.00. The alleged transfer of the Mobile Home was made for less that a reasonably equivalent value in exchange for such transfer.

30. Plaintiff alleges that she was insolvent on the date that such transfer was made or became insolvent as a result of such transfer.

31. Plaintiff alleges that the Mobile Home is her most valuable asset.

32. Based on the foregoing, Plaintiff may avoid the transfer and recover the property for the benefit of the Debtor pursuant to 11 U.S.C. § 522(g), 522(h), 548(a) and 550.

## THIRD CLAIM FOR RELIEF

### Intentional Misrepresentation and Fraud

33. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

34. On December 18th, 2014, Defendants represented to Plaintiff that she was entering into a contract for a title loan on her mobile home. Debtor remembers signing a promissory note on December 18th, 2014, but has no memory of signing a Bill of Sale.

35. Plaintiff alleges that either the Bill of Sale is a forgery or that Defendants intentionally concealed the nature of the document that Debtor was signing.

36. Franklin Check service is licensed to make Title Loans by the Mississippi Department of Banking and Finance. Debtor obtained this loan at the business location of Franklin Check Service, whose business includes making loans under the Mississippi Title Pledge Act. It was reasonable for the debtor to rely on the Defendants' false representation that she was entering into a title loan.

37. This fraud has resulted in a cloud on the title of Debtors mobile home, her principal asset.

38. Defendants committed this fraud with intent to deprive Debtor of her property.

39. At the time the above-described representations were made by Defendants to the Plaintiff, said representations were false. Defendants knew they were false and recklessly misrepresented the facts with the intention and expectation that they be acted on by Plaintiff in the manner contemplated by the Defendants.

40. Plaintiff was ignorant of the true facts and reasonably and justifiably relied upon the Defendants' fraudulent conduct and entered into the loans. Plaintiff had every right to rely on the fraudulent representations of the Defendants in that the Defendants possessed superior skill, knowledge and judgment to that of the Plaintiff.

41. The fraudulent acts and representations of the Defendants, acting through their agents, servants, and employees, were within the scope of such agents', servants' and employees' actual and apparent authority, and are thus imputed to the Defendants.

42. As a result of the Defendants fraudulent misrepresentations, Plaintiff has been injured.

## FOURTH CLAIM FOR RELIEF
### (Turnover of Property of the Estate)
### [11 U.S.C. §§ 522(g), 522(h), 542]

43. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

44. This Claim is brought pursuant to 11 U.S. C. §§ 522(g), 522(h), and 542(a) to recover the title to Debtors Mobile Home located at 5075 McNair Rd NW, Roxie, MS 39661 and identified by Defendants as "Pion. Lee Mobil Home 2000 PH34082A1677AB".

45. The Debtor is entitled to possession of the above-described property of the estate for "use" as contemplated in 11 U.SC. 363.

## FIFTH CLAIM FOR RELIEF
### (Injunctive Relief)
### [11 U.S.C. § 105(a)]

46. Plaintiff hereby adopts and incorporates by reference the prior allegations as if set out fully herein.

47. Defendant is in possession of a bill of sale and the title to Debtor's Mobile Home.

48. The Debtor is entitled to turnover of this property which is currently controlled by Defendants.

49.  Plaintiff alleges that Defendant has concealed or destroyed documents related to this litigation.

50.  As such, Plaintiff requests an interim, interlocutory and permanent injunction restraining Defendants from transferring title to the Mobile Home that is subject to this litigation and from disposing of their business recorders, pending trial or until otherwise ordered by this Court.

WHEREFORE, the Plaintiff having set forth her claims for relief against Defendants, respectfully prays of the Court as follows:

A.  For an interim, interlocutory and permanent injunction restraining Defendants from transferring title to the Mobile Home that is subject to this litigation and from disposing of their business recorders, pending trial or until otherwise ordered by this Court.

B.  That the Mobile Home be declared property of the Debtor's bankruptcy estate.

C.  That the Plaintiff have and recover against Defendants a sum to be determined by the Court in the form of actual damages;

D.  That the Plaintiff have and recover against Defendants a sum to be determined by the Court in the form of punitive damages;

E.  That the Plaintiff have and recover against Defendants all reasonable legal fees and expenses incurred by her attorneys;

F.  That an Order be entered directing turnover of the above described property of the estate and requiring Defendants to execute the necessary documents to vest ownership, title and control of the Mobile Home to the Plaintiff.

G.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this July 1, 2015

/s/ Thomas C. Rollins, Jr.
Attorney for Plaintiff

Thomas C. Rollins, Jr.
MS Bar No. 103469
The Rollins Law Firm
774 Avery Blvd. N, Ste. D
Ridgeland, MS 39157
trollins@therollinsfirm.com
601-500-5533